UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAYNARD FERNANDEZ                                                                                   PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:07-CV-461-S

JAMES M. GULICK, et al.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the defendants, James M. Gulick and Maria Luisa Castillo De Gulick (collectively the "Gulicks"), to dismiss for lack of subject matter jurisdiction the action filed by the plaintiff, Maynard Fernandez ("Fernandez) (DNs 8, 24).[1]

On September 9, 2004, the Gulicks executed and delivered to Village Campground, Inc. ("Village"), a Kentucky corporation, a secured promissory note in the amount of $483,260.24. The note evidenced the Gulicks' obligation to pay the purchase price for certain real estate and associated campground operations then owned by Village. Fernandez was, and presently is, the president and sole shareholder of Village. Fernandez is a Florida resident and the Gulicks are Kentucky residents.

In connection with the sale to the Gulicks, Village executed and delivered to Fernandez an assignment of the note. The assignment occurred on September 23, 2004, and was recorded on October 6, 2004. Fernandez filed this diversity action on August 31, 2007, claiming that the Gulicks defaulted under the terms of the note by failing to make payments on multiple installments due. As a result, Fernandez seeks to recover the entire balance of the note plus interest, late charges, and attorneys' fees.

Subsequent to Fernandez's filing of this action, the Gulicks filed a motion to dismiss for lack of jurisdiction (DN 8) pursuant to 28 U.S.C. § 1359, asserting that Village's assignment of the note to

---

[1] Also pending before the court is Fernandaz's motion for leave to file sur-reply (DN 17). This motion will be denied as moot.

Fernandez was done solely to create diversity jurisdiction.[2] Fernandez then filed an amended complaint, setting forth the factual circumstances surrounding the assignment of the note. Shortly thereafter, Fernandez moved for summary judgment (DN 21). The Gulicks failed to substantively respond to Fernandez's motion for summary judgment. Rather, the Gulicks filed a renewed motion to dismiss for lack of jurisdiction (DN 24) which requests that this court rule on the motion to dismiss and allow them a period of thirty days to substantively respond to Fernandez's motion for summary judgment, if such a response is necessary following the court's ruling.

"[Section 1359] is aimed at preventing parties from manufacturing diversity jurisdiction to inappropriately channel ordinary business litigation into the federal courts." *Yokeno v. Mafnas*, 973 F.2d 803, 809 (9th Cir.1992 ) (citing *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 828-29, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969)). Certain kinds of diversity-creating assignments warrant particularly close scrutiny. As stated in *Yokeno*:

> Assignments between parent companies and subsidiaries, and assignments by corporations to their officers or directors are presumptively ineffective to create diversity jurisdiction. To overcome this presumption, the party asserting diversity must show a legitimate business reason for the transfer. Simply articulating a business reason is insufficient; the burden of proof is with the party asserting diversity to establish that the reason is legitimate and not pretextual.

973 F.2d at 809-10 (citations and quotations omitted).

In the case before this court, Fernandez has proffered his affidavit which states that the real estate and associated campground operation sold to the Gulicks were the sole remaining assets of Village at the time of the sale. Fernandez further states in his affidavit that after the sale, Village had no remaining business in Kentucky and, as such, Village executed the assignment of the note to him in

---

[2] 28 U.S.C. § 1359 provides:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

- 3 -

partial payment of his prior advances to Village. The court finds such business reasons to be legitimate. Indeed, the Gulicks have offered no evidence to cast any doubt as to the purpose of the assignment. Moreover, the Gulicks' assertion that the motivation behind the assignment of the note to Fernandez was to manufacture diversity jurisdiction is belied by the fact that the assignment occurred nearly three years prior to the filing of this action during the original transaction between Village and the Gulicks. Accordingly, the court does not find that Village's assignment of the note to Fernandez was done in an attempt to create diversity jurisdiction. This court, therefore, has subject matter jurisdiction over this action.

In reviewing the record the court finds that the Gulicks have failed to specify any affirmative defense to the allegations in Fernandez's complaint and have requested what amounts to four extensions of time to file responsive pleadings in this action. The court, therefore, declines to allow the Gulicks thirty days to substantively respond to Fernandez's motion for summary judgment. Rather the court will allow the Gulicks twenty-one days following entry of this order to respond.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) the Gulicks' motions to dismiss for lack of subject matter jurisdiction (DNs 8, 24) are **DENIED**.

(2) Fernandez's motion for leave to file sur-reply (DN 17) is **DENIED** as moot.

(3) the Gulicks are allowed a period of **TWENTY-ONE (21) DAYS** from the entry of this order to substantively respond to Fernandez's motion for summary judgment.

**IT IS SO ORDERED** this