UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAYNARD FERNANDEZ                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:07-CV-461-S

JAMES M. GULICK, et al.                                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, James M. Gulick and Luisa Castillo De Gulick, to alter or amend judgment (DN 36). Defendants allege that the amount of the judgment has been calculated in error. The plaintiff, Maynard Fernandez, has responded (DN 38) and the defendants have failed to reply. For the reasons that follow, the court will deny the defendants' motion to alter or amend judgment.

"Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dept. of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162 (1982) (citing Notes of Advisory Committee on 1946 Amendment to Rules, 28 U.S.C., p. 491; 5 F.R.D. 433, 476 (1946)) (internal quotation marks and alterations omitted). Motions to alter or amend must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Turner v. Baylor Richardson Med. Ctr.*, 2007 WL 122003 (5th. Cir. 2007). *see also Roger Miller Music, Inc. v. Sony/ATW Publ'g, LLC*, 477 F.3d 383, 395 (6th. Cir. 2007); *Walker v. Mich. Dep't of Corr.*, 128 Fed.Appx. 441, 447 (6th Cir.2005).

The court set forth judgment in the sum of $568,320.00 plus a per diem value for interest

in the amount of $260.75 for each day from May 31, 2008 until the date of entry of the order (July 18, 2008), plus post-judgment interest at the applicable statutory rate. Memorandum Opinion and Order (DN 35). Defendants assert that the sum total of the judgment should be $549,342.00 and that the per diem interest amount stated in the judgment of $266.75 [sic] for the period from May 31, 2008 until the date of entry of the judgment should be $235.50 based on the terms of the promissory note. Motion to Alter or Amend Judgment (DN 36). However, in the attached affidavit of James M. Gulick in support of the motion to alter or amend, the Defendants argue that the per diem interest amount is $116.20 based on an interest rate of "prime plus 3 or 8%". Affidavit of James M. Gulick, ¶ 6 (DN 36-2). With bleak reference to the $116.20 figure, Defendants conclude that the accrued interest from January 15, 2008 to July 18, 2008 totals $19,000. Affidavit of James M. Gulick at ¶ 6; *see also* ¶ 4. Defendants also self-assess $158.00 in late fees. Affidavit of James M. Gulick at ¶ 4.

In light of the conflicting dates, rates, and dollar figures presented, and in the absence of any coherent and consistent formulae and/or calculations to show the court clear, manifest error, the court finds no compelling reason to change the judgment. Accordingly, the defendants' motion to alter or amend is denied.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' motion to alter or amend judgment is **DENIED**.

    **IT IS SO ORDERED.**

    September 3, 2008